UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY J. GAMBINO**<br>Plaintiff | CIVIL ACTION |
| v. | NO: 2020-cv-00425 |
| **SCHLUMBERGER GROUP WELFARE BENEFITS PLAN, ADMINISTRATIVE COMMITTEE OF THE SCHLUMBERGER GROUP WELFARE BENEFITS PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA**,<br>Defendants | SECTION: |

## COMPLAINT

### I. PARTIES

1. Plaintiff, **Anthony J. Gambino** is a person of the full age of majority, and a resident of Amite, Tangipahoa Parish, Louisiana.

2. Defendant, the **Schlumberger Group Welfare Benefits Plan** ("the Plan") is an employee benefit plan, created, established, sponsored, administered, and funded by Schlumberger Technology Corporation.

3. Defendant, **Life Insurance Company of North America** ("LINA") is a foreign corporation authorized and doing business in the State of Louisiana in this judicial district. LINA is the named claims administrator of the Plan and designated as an Appeals Fiduciary.

4. Defendant, **Administrative Committee of the Schlumberger Group Welfare Benefits Plan**, ("Administrative Committee") is the plan administrator of the Plan.

## II.  JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law.

6. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

## III.  FACTS & ALLEGATIONS

7. Plaintiff is a former employee of Schlumberger Technology Corporation or its predecessor corporation, was at all relevant times a plan participant of the Plan, and at all times qualified as a beneficiary under the Plan.

8. Among other benefits, the Plan provided disability benefits.

9. Plaintiff has been since approximately 2006, remains to date, and is expected to remain indefinitely, disabled and entitled to disability benefits under the terms of the Plan.

10. Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under plan terms, Defendants, LINA, the Plan and the Administrative Committee discontinued Plaintiff's benefits.

11. Plaintiff has exhausted all required administrative remedies prior to filing this lawsuit.

12. Plaintiff submitted an appeal to Defendants on or around June 28, 2019 and was informed LINA would not accept the appeal on behalf of its principal and Plaintiff had to submit the appeal directly to the Administrative Committee which he did on or around July 11, 2019, which was within 180-days from Plaintiff's receipt of the adverse decision.  To date, Defendants, including but not limited to the Administrative Committee or LINA have not responded to Plaintiff's appeal.

13. Plaintiff has incurred attorney's fees in order to pursue his right to benefits from the Plan.

14. Plaintiff is entitled to judgment awarding disability benefits owed to him under the terms of the Plan from Defendants, LINA, the Plan and the Administrative Committee.

15. Defendants have abused their discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. Defendants abused their discretion by failing to consider the disabling, synergistic, and long-term effect of all of Plaintiff s medical conditions and the length of time he has been out of the workforce.

17. Defendants abused their discretion by failing to consider the medical conditions in relation to the duties of all occupations.

5

18.     Defendants has failed to give their Policy and Plan a uniform construction and interpretation.

19.     As a routine business practice, Defendants uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20.     Defendants' administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

21.     Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22.     Plaintiff is entitled to an award of interest on all money Defendants should have paid to Plaintiff.

23.     Defendants' denial has required Plaintiff to hire an attorney in this matter to recover benefits due Plaintiff under the Plan.

24.     Plaintiff is entitled to attorney fees for all actions taken against Defendants in a court of law.

**WHEREFORE**, Plaintiff **ANTHONY J. GAMBINO**, prays for judgment against Defendants, **SCHLUMBERGER GROUP WELFARE BENEFITS PLAN, ADMINISTRATIVE COMMITTEE OF THE SCHLUMBERGER GROUP WELFARE BENEFITS PLAN and LIFE INSURANCE COMPANY OF NORTH

**AMERICA as follows:**

1. For all disability benefits due Plaintiff in the past and future under terms of the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

    Respectfully submitted,

    */s/Loyd J. Bourgeois, Jr.*
    Loyd J. Bourgeois, Jr., La. Bar No. 29771
    13755 River Road, Suite A
    Luling, Louisiana 70070
    Tel: (985) 240-9773; Fax: (866) 882-3988
    Email: loyd@ljblegal.com
    *Attorney for Plaintiff*